IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DATRIST McCALL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 2:12cv148-WKW |
| ) | (WO) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This matter is before the court pursuant to the petitioner's *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, which was filed on February 14, 2012.[1] Upon consideration of the § 2255 motion, this court finds that the motion should be denied without prejudice because this court lacks jurisdiction over the motion.

As explained in *United States v. Khoury*, 901 F.2d 975, 976 (11th Cir. 1990), a district court lacks jurisdiction over a petitioner's 28 U.S.C. § 2255 motion during the pendency of the petitioner's direct appeal.[2] In the present case, the petitioner filed a notice of appeal on

---

[1] Although the § 2255 motion is date stamped "received" in this court on February 17, 2012, it was signed by the petitioner on February 14, 2012. A *pro se* inmate's petition is deemed filed on the date it is delivered to prison officials for mailing. *Houston v. Lack*, 487 U.S. 266, 271-72 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the petitioner's § 2255 motion] was delivered to prison authorities the day [he] signed it." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

[2] In *Khoury*, the defendant filed a § 2255 motion after he filed a notice of appeal. The district court denied the motion on the ground that the court lacked jurisdiction because jurisdiction had vested in the court of appeals for the pendency of the appeal. The Eleventh Circuit affirmed because
(continued...)

August 2, 2011. *See* Criminal Case No. 2:10cr19-WKW, Doc. No. 160. Although the Eleventh Circuit affirmed the petitioner's conviction and sentence in an unpublished opinion issued on February 7, 2012, the appellate Court has yet to issue the mandate in the case. *United States v. McCall*, No. 11-1356 (11th Cir. Feb. 7, 2012). Therefore, the petitioner's direct appeal was still pending with the Eleventh Circuit Court of Appeals when his motion under § 2255 was filed. During the pendency of the petitioner's direct appeal, this court lacks jurisdiction to consider his motion for relief under 28 U.S.C. § 2255, and accordingly, the motion should be denied without prejudice.

<u>The petitioner may re-file his § 2255 motion when jurisdiction is vested in the district court</u>.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petitioner's 28 U.S.C. § 2255 motion be DENIED without prejudice.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before March 8, 2012. A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections

---

$^{2}$(...continued)
"[t]he general rule is that a defendant may not seek collateral relief while his direct appeal is pending." *Jones v. United States*, 453 F.2d 351, 352 (5th Cir. 1972) (per curiam); *Welsh v. United States*, 404 F.2d 333 (5th Cir. 1968) ("A motion to vacate sentence under 28 U.S.C. § 2255 will not be entertained during the pendency of a direct appeal, inasmuch as the disposition of the appeal may render the motion moot.").

will not be considered.  Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE, this 23rd day of February, 2012.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE